U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG - 3 1998
NANCY DOHERTY, CLERK
BY ______
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DONALD DYER §
§
VS. § 3:98-CV-1793-R
§
BORLAND INTERNATIONAL §

STANDARD SCHEDULING ORDER

The schedule for disposition of this case[1] - which is established pursuant to (i) the Local Rules *and* the Civil Justice Expense & Delay Reduction Plan of this Court, and (ii) Fed. R. Civ. P. 26 - 33 (*as modified by this order*) - is as follows:

1. **SUMMARY OF CRITICAL DATES:**

| | |
|---|---|
| TRIAL SETTING | AUGUST 1999 (4 WEEK DOCKET) |
| JOINT STATUS REPORT | OCTOBER 2, 1998 |
| DEADLINE FOR AMENDMENTS | DECEMBER 1, 1998 |
| DEADLINE FOR DISCOVERY | JANUARY 29, 1999 |
| DEADLINE FOR DISPOSITIVE MOTIONS | MARCH 1, 1999 |
| DEADLINE FOR PRETRIAL MATERIAL | JULY 20, 1999 |
| FINAL PRETRIAL CONFERENCE | JULY 30, 1999 (10:00 A.M.) |

[1]Cases in this Court are set for disposition by (i) an Accelerated Scheduling Order (trial in 6-9 months), (ii) a Standard Scheduling Order (trial in 12-16 months), or (iii) a Complex Case Scheduling Order (trial in 18-24 months).

**CAVEAT: THIS ORDER ESTABLISHES**

**SEVERAL NEW PROCEDURES, INCLUDING:**

(i) **THE AUTOMATIC REFERRAL OF ALL NON-DISPOSITIVE MOTIONS TO THE MAGISTRATE JUDGE ASSIGNED TO THIS CASE - JUDGE JEFF KAPLAN (SEE ¶ 4).**

(ii) **THE IN CAMERA REPORTING, UNDER DONDI,[2] OF FEES AND EXPENSES INCURRED BY EACH PARTY IN PLEADING AND DISCOVERY DISPUTES (SEE ¶ 4(a)).**

(iii) **THE JOINT SUBMISSION OF ALL DISPOSITIVE MOTIONS - WITH THE MOTION, THE RESPONSE, THE REPLY AND ALL RELATED PAPERS BEING FILED AT THE SAME TIME (SEE ¶ 6).[3]**

(iv) **STRICT ENFORCEMENT OF PAGE LIMITATIONS FOR MOTIONS AND BRIEFS AND RESTRICTIONS ON THE NUMBER OF DISPOSITIVE MOTIONS THAT MAY BE FILED BY EACH PARTY (SEE ¶ 6(g)).**

2. **DONDI STANDARDS OF LITIGATION CONDUCT:** Each attorney who appears in, *or who performs work on*, this case IS ORDERED to adhere to the Standards of Litigation Conduct established by the Northern District of Texas in Dondi, 121 F.R.D. 284 (N.D. Tex. 1988, *en banc*). Specifically, in order to reduce the expense of this

---

[2]Dondi, 121 F.R.D. 284 (N.D. Tex. 1988, *en banc*).

[3]These procedures for Joint Motion Submissions are based upon the recommendations of this Court's CJRA Advisory Committee - and is patterned after similar procedures used by federal courts in New Jersey and New Mexico, as well as by procedures used by former Chief Judge Halbert O. Woodward of this Court.

litigation and to avoid the waste of "valuable judicial and attorney time" (121 F.R.D. at 286):

(a) the opposing attorneys **ARE ORDERED TO AGREE to extensions of time, to the filing of amended pleadings, and to any other requested accommodation that will "delay neither the disposition of a pending matter nor the trial of the case."** Dondi, 121 F.R.D. 288, at fn. 11.[4]

(b) **the attorneys may, by agreement and without a formal motion, extend any deadline** in this Scheduling Order so long as **(i) the extension does not change the trial or pretrial conference dates (see ¶ 6(h)) and (ii) the Court is advised of the agreed extensions of time by letter.**[5]

3. **JOINT STATUS REPORT:** The parties SHALL file a joint status report by **OCTOBER 2, 1998** which ***briefly*** addresses each of the following:

(a) the nature of the case and the contentions of the parties;

(b) all pending or contemplated motions, including the possible joinder of other parties;

---

[4]Dondi makes it clear that attorneys have the authority - ***and the duty to this Court*** - to agree to extensions of time and other accommodations on behalf of their clients; it emphasizes that clients have ***"no right to demand that counsel abuse the opposite party or indulge in offensive conduct,"*** such as refusing to agree to extensions of time, to amendment of pleadings, etc. See 121 F.R.D. at 288, ¶ (F).

[5]Motions and orders ARE NOT required for agreed extensions.

(c) any requested modifications of the scheduling order;

(d) the prospects for settlement and whether mediation or a settlement conference might facilitate settlement;

(e) whether the attorneys in this case understand their responsibilities under - and will conduct this litigation according to - the standards of both Dondi, 121 F.R.D. 284 (N.D. Tex. 1988, *en banc*) and this Court's Civil Justice Expense & Delay Reduction Plan; and

(f) whether the parties **will agree to the trial of this case before United States Magistrate Judge Kaplan,**[6] **and whether the attorneys have advised their clients of the following:**

> **"Because of criminal cases and older civil matters this Court must try before it can reach this case, *Magistrate Judge Kaplan will be able to try this case much sooner* - and will also be able to *give the parties a special setting for trial on a specific date.*"**

4. **PLEADING/DISCOVERY DISPUTES AND OTHER NON-DISPOSITIVE MATTERS:** In order to assure that the attorneys in this case comply with their Dondi obligations with respect to pleading and discovery disputes and other non-dispositive matters - **and to provide this Court and the Magistrate Judge with information**

[6] Our United States Magistrate Judges have the authority to try both **jury and non-jury cases** by consent of the parties under 28 U.S.C. § 636(c). Each of them has tried many jury and non-jury cases.

**concerning possible Dondi violations and the need for sanctions**[7] **-** it is ORDERED that:

(a) Referral Of All Disputes Concerning Pleading or Discovery Matters: All disputes involving pleadings and discovery **are referred automatically by this Scheduling Order** to Magistrate Judge Kaplan for disposition, subject to the following procedures:

(i) The first pleading or discovery dispute filed by any party in this case SHALL be titled "PLEADING/DISCOVERY DISPUTE NO. 1," and each subsequent pleading/discovery dispute shall be numbered consecutively (i.e., "PLEADING/DISCOVERY DISPUTE NO. 2, ... NO. 3," etc.).

(ii) Within thirty (30) days from the resolution of each pleading and discovery dispute, each party SHALL provide this Court and Magistrate Judge Kaplan, by their separate *in camera* reports, with the following: the number of hours spent on the dispute by each attorney for that party, the hourly rates for these attorneys,[8] and the total amount of attorneys' fees and expenses incurred on behalf of each client

---

[7]This Court WILL NOT impose Dondi sanctions *except on its own motion* or at the recommendation of the Magistrate Judge. Dondi sanction motions by the attorneys are neither required nor welcomed!

[8]An attorney handling a matter on a contingent fee basis shall use, for purposes of this report, the standard hourly rate last used by that attorney in non-contingency matters.

with respect to the pleading or discovery dispute.

(iii) Within thirty (30) days from the resolution of each subsequent pleading/discovery dispute, each party SHALL submit to this Court and the Magistrate Judge, by separate *in camera* letters, a "**SUPPLEMENTAL** DONDI PLEADING/DISPUTE REPORT," which states for each such dispute the information required in the preceding sub-paragraph, and which shows the total attorneys' fees and expenses incurred on behalf of each client in all of the pleading and discovery disputes.

(iv) The Dondi reports required by this paragraph SHALL be submitted even if the pleading or discovery dispute is settled after the motion is filed.

(b) Referral of Other Non-Dispositive Motions: **All motions to amend or supplement pleadings, all motions concerning discovery, all motions for joinder of parties, all motions for a more definite statement, and all other non-dispositive motions** - *except motions for continuance of trial or pretrial dates, motions in limine and other trial motions, and motions specifically related to motions for summary judgment, motions to dismiss, or other dispositive motions*[9] - **are referred automatically by this Scheduling Order to Magistrate Judge Kaplan for disposition.**

[9] E.g., motions to strike affidavits, objections to exhibits, etc.

(c) "Courtesy" Copies: Furnishing this Court with so-called "courtesy copies" of contested motions - or with letters or pleadings in matters referred to the Magistrate Judge - **IS NEITHER "COURTEOUS" NOR WELCOMED!**

5. **FEDERAL DISCOVERY RULES:** The federal discovery rules ***WILL*** apply to this case, subject to the following:

(a) Rule 26(f) conferences are not required.

(b) Initial disclosures under Rule 26(a)(1) are not required.

(c) **All discovery** - including expert witness discovery - must be completed by **JANUARY 29, 1999.**[10]

(d) The **pretrial disclosures** under Rule 26(a)(3) shall be made by **MARCH 1, 1999.**

6. **DISPOSITIVE MOTIONS - JOINT MOTION SUBMISSION:** Contested motions that may dispose of all or any part of this case - and the opponents' reply, the movants' response, and all related papers - **shall be filed at the same time, and in a single package, as a JOINT MOTION SUBMISSION,** in order to help reduce disputes over extensions of time; eliminate the need for the Court to spend time monitoring each motion, response and reply; relieve the District Clerk of the burden of filing and docketing unnecessary motions; and expedite the determination of pending motions. These Joint

[10]This deadline is for the *completion* - not the initiation - of discovery.

Motion Submission procedures SHALL apply to all dispositive motions EXCEPT:

(i) motions for temporary restraining orders or expedited relief;

(ii) motions for continuance or other trial related motions;

(iii) motions filed only by a *pro se* plaintiff, or motions filed only by a *pro se* defendant;

(iv) *pro se* plaintiffs in cases involving other plaintiffs, and *pro se* defendants in cases involving other defendants.

Specifically, IT IS ORDERED that all motions to dismiss, motions for summary judgment, motions for change of venue, and all other dispositive motions shall be filed as a JOINT MOTION SUBMISSION in the following manner:

(a) Initial Service Of Motion: The moving party SHALL initially serve the other parties with - BUT SHALL NOT FILE WITH THE COURT - copies of the motion, supporting brief, proposed order, affidavits and all other papers related to the motion.

(b) Notice Of Motion: On the date of service of the motion and related papers, the movant SHALL file with the District Clerk - and SHALL serve on the other parties - the original and one copy of a NOTICE OF MOTION which lists each of the pleadings being served.

(c) Filing Date: The date of the District Clerk's receipt of the Notice Of Motion SHALL be treated as the filing date of the motion for all purposes.

(d) Response To Motion: Within twenty (20) days from the filing date of the motion, the responding party SHALL serve on the movant - BUT SHALL NOT FILE WITH THE COURT - copies of the opposition response, brief, affidavits and other papers related to the response. Notice of Motion: The responding party SHALL also file with the District Clerk - and SHALL serve on the other parties - a NOTICE OF RESPONSE which lists each of the pleadings being served. Filing Date: The date of the District Clerk's receipt of the Notice of Response SHALL be treated as the filing date for all purposes. PROVIDED, HOWEVER, that if a party against whom a motion is filed fails to serve a response, then the movant SHALL promptly file the dispositive motion, brief and related papers *together with a notice that the respondent has defaulted.*

(e) Joint Motion Submission: Within fifteen (15) days from the filing date of the Notice of Response, the movant SHALL:

(i) serve the reply to the motion and all related papers on the other parties; and

(ii) file with the District Clerk - *in a single package* - the original and one copy of all papers related to the motion (including the Joint Appendix)[11], along with a transmittal letter which lists each document filed with the Clerk and which

[11]See ¶ 6(g).

certifies that these documents have been filed in their entirety; and

(iii) serve this transmittal letter on all other parties.

(f) Page Limitations: The motion and the supporting brief, the response, and the reply are each to be filed in one pleading - **i.e., separate motions and briefs, or responses and replies and briefs, are not to be filed.** The motion and supporting brief SHALL NOT exceed 25 pages; the opposing response and supporting brief SHALL NOT exceed 25 pages; and the movant's reply SHALL NOT exceed 10 pages. **THESE PAGE LIMITATIONS MAY NOT BE EXTENDED BY AGREEMENT.** Any party who seeks leave to exceed these page limitations SHALL make this request:

(i) ***only after timely serving the motion, response or reply* within the page limitations** for inclusion in the Joint Motion Submission; and

(ii) **only by including in the Joint Motion Submission** a request which does not exceed 5 pages and which summarizes or outlines the matters that are to be covered if the Court extends the page limitations.

(g) Joint Appendix: Exhibits filed in connection with a dispositive motion, the response, and the reply SHALL be filed with the Joint Motion Submission in a Joint Appendix which **SHALL NOT EXCEED 100 PAGES** - *that is, the movant and the respondent are limited to 50 pages each in the appendix* - and which SHALL CONTAIN only the relevant portions of multi-page exhibits and only the relevant portions of depositions and other discovery. Copies of cases and other

authorities SHALL NOT be included in the Appendix unless these authorities have not yet been published.[12]

> **CAVEAT**: THE COURT WILL NOT GRANT PERMISSION TO EXTEND THESE PAGE LIMITATIONS FOR THE JOINT APPENDIX: However, complete copies of depositions and other discovery, and of exhibits, may be filed with the District Clerk with the Joint Submission - PROVIDED THAT DUPLICATE COPIES ARE NOT TO BE FILED OR SENT TO THE COURT.

(h) Agreements For Extensions Of Time: THIS COURT EXPECTS THE ATTORNEYS - IN COMPLIANCE WITH DONDI - TO AGREE TO EXTENSIONS OF TIME FOR THE FILING OF THE JOINT MOTION SUBMISSION. Specifically, Dondi emphasizes that:

> "*...every contested motion, however simple, costs litigants and the court time and money.* Yet our court has experienced an increasing number of instances in which attorneys refuse to agree to an extension of time in which to answer *or* to *respond to a dispositive motion*, or even to consent to the filing of an amended pleading, *notwithstanding that the extension of time or the amended pleading would delay neither the disposition of a pending matter nor the trial of the case."* (121 F.R.D. at 288).

[12]Nor SHALL they be submitted separately to the Court.

This Court SHALL be notified of agreed extensions **by letter, no formal motion is required or welcomed.** Attorneys who refuse to agree to extensions of time that will not affect the date of trial - *normally the trial date will not have to be changed if the Joint Motion submission is filed at least 120 days in advance of the scheduled trial date* - should expect to have sanctions imposed against them by this Court on its own motion.[13]

(i) Number Of Motions: Each party will be permitted to file **only one motion for summary judgment** - i.e., separate motions for summary judgment on different issues or partial motions for summary judgment on different claims or defenses SHALL NOT be filed.

(j) Motions To Dismiss: Motions To Dismiss SHALL NOT be combined with Motions For Summary Judgment, and any "Motion To Dismiss" contained in a so-called "*Motion To Dismiss, Or In The Alternative, Motion For Summary Judgment,*" is automatically DENIED by this Scheduling Order.

(k) Motions For Reconsideration: Motions for Reconsideration SHALL NOT exceed 10 pages in length and they SHALL BE LIMITED to matters not raised by the briefs in the Joint Motion Submission. No response shall be filed to a Motion For Reconsideration unless it is specifically requested by the Court.

---

[13]Including the DENIAL of ANY EXTENSIONS OF TIME requested by those attorneys in this or any other case pending before this Court.

7. **EXPERT WITNESSES**: The plaintiff SHALL file a designation of the name and address of each **expert witness** by **SEPTEMBER 17, 1998.** The defendant and other parties SHALL file a designation of the name and address of each **expert witness** by **OCTOBER 2, 1998.**

8. **PRETRIAL MATERIAL**: The following pretrial material SHALL be filed by **JULY 20, 1999.**

(a) **A joint pretrial order** - which covers each matter listed in Local Rule 16.4 and which also states the **estimated length of trial**, whether the case is **jury or non-jury**, and whether the parties will agree to try this case before Magistrate Judge Kaplan if this Court is not able to reach it for trial on the month-long docket. (**NOTE:** If an attorney does not participate in the preparation of the joint pretrial order, the opposing attorney SHALL file a separate pretrial order and explain why the joint order has not been submitted.)

(b) **Each party's list of the witnesses** - which SHALL (i) have separate sections for "**probable** witnesses," "**possible** witnesses," "**experts**" and "**record custodians,**" and (ii) state the name, address, and give a *very brief summary* of the matters to be covered with each witness.

(c) **Each party's list of exhibits**[14] and **designation of portions of depositions** to be offered at trial.

[14]The parties SHALL comply with Local Rule 26.2(a) with respect to the marking and exchange of trial exhibits.

(d) **Each party's (i) requested jury instructions and issues** and **proposed voir dire questions**; or, **(ii) proposed findings of fact and conclusions of law**.

(e) **Trial briefs** may be filed with the Pretrial Order, but are not required unless specifically requested by the Court.

9. **SANCTIONS**: This Court SHALL, on its own motion, impose sanctions for violations of any portion of this Order; for example, failure to list a witness or exhibit may be grounds for exclusion of that evidence. (**NOTE:** This does not apply to **impeachment** evidence; however, the use of unlisted witnesses or exhibits for **rebuttal** will be allowed only if the need for that evidence could not have been reasonably anticipated.)

10. **PRETRIAL CONFERENCE**: The final pretrial conference is set for **FRIDAY, JULY 31, 1999, AT 10:00 A.M.** The attorneys who will conduct the trial SHALL attend, with full authority to enter into agreements concerning matters that may reduce the time and expense of trial - (e.g., admission of exhibits, stipulations, etc.).

11. **TRIAL**: The trial of this case is set on this Court's four week docket beginning **MONDAY, AUGUST 2, 1999.**

12. **YOUR SPECIFIC TRIAL DATE**: It will not be possible for the Court to set either the specific day or week for the trial of this case until the final pretrial conference. ***Telephone calls made before then about the possible trial date will simply waste your time and ours.*** **SO PLEASE DON'T ASK!!**

13. **OTHER QUESTIONS**: However, questions about pleadings, discovery, or non-dispositive motions should be directed to **Magistrate Judge Kaplan at (214) 753-2400.**

Questions about this Scheduling Order should be directed to my **Judicial Assistant, Linda LeNoir, at (214) 753-2296.**

Questions about pending motions or other matters should be directed to the law clerk assigned to the case, **at (214) 753-2295.**

**HOWEVER, UNLESS YOU KNOW YOUR CASE NUMBER, DO NOT CALL ANY OF THEM.**

**ENTERED: AUGUST 3, 1998**

Jerry Buchmeyer

**JERRY BUCHMEYER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**